IN THE UNITED STATES BANKRUPTCY
COURT FOR THE MIDDLE DISTRICT OF
TENNESSEE AT NASHVILLE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| KYLE P. HUNT, ) | Case No. 3:18-bk-01786 |
| KIMBERLEY D. HUNT, ) | Chapter 11 |
| Debtors-in-Possession. ) | Judge: Charles M. Walker |

**OBJECTION TO THE MOTION TO DISMISS FILED BY THE INTERNAL REVENUE SERVICE [DOC 74]**

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS: June 4, 2018
IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE: June 12, 2018, at 9:00 AM
Courtroom 2, 2nd Floor Customs House, 701 Broadway, Nashville, TN 37203**

Come now your Debtors-in-Possession ("the Debtors") by and through counsel, and hereby file this Objection to the Motion to Dismiss filed by the Internal Revenue Service ("IRS") [Doc 74] ("the Motion"). As grounds, the Debtors would show that relief is warranted under 11 U.S.C. § 1112(b)(2)[1] because the equity existing in the Debtors' real estate is more than sufficient to satisfy the priority amount of the claim filed by the IRS. The Debtors are taking steps to sell the real estate and expect to have it sold within a reasonable time given the strong real estate market. The Debtors' 2017 tax return was not timely filed because, due to the nature of their financial affairs, the Debtors needed the assistance of a tax professional, but they could no longer afford the individual who had worked with them for a number of years. Moreover, certain issues with the Debtors' record keeping compounded the problem. Given the benefits and protections afforded by this case, the Debtors' expect to work out the issues and complete and file the returns within a reasonable time. Furthermore, the Debtors expect to confirm a plan within a reasonable time.

---

[1] 1 U.S.C. § 1112(b)(2) provides:

The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that—

(A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and

(B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—

(i) for which there exists a reasonable justification for the act or omission; and

(ii) that will be cured within a reasonable period of time fixed by the court.

WHEREFORE, your Debtors, pray the Court, to 1) deny all relief sought by the Motion; and, 2) for such other and further relief deemed just and proper by this Honorable Court.

    Respectfully submitted,

    KIOUS, RODGERS, BARGER,
    HOLDER & KING, PLLC

    /s/Jason N. King_____
    JASON N. KING, TN BPR #27749
    Attorney for the Debtors-in-possession
    503 North Maple Street
    Murfreesboro, Tennessee 37130
    Tel. (615) 895-5566
    Fax (615) 895-8452
    jking@krbhk.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been transmitted electronically to all those receiving notice through the Court Electronic Noticing System, this the 4th day of June, 2018.

    /s/ Jason N. King_____
    JASON N. KING