# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KYLE P. HUNT, | ) | Case No. 3:18-bk-01786 |
| KIMBERLEY D. HUNT, | ) | Chapter 11 |
| Debtors-in-Possession. | ) | Judge: Charles M. Walker |

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS AUGUST 23, 2018
IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE 9:00 A.M., SEPTEMBER 4,
2018 COURTROOM TWO, CUSTOMS HOUSE, 701 BROADWAY, NASHVILLE, TN 37203**

## MOTION FOR THE SALE OF REAL ESTATE FREE AND CLEAR OF ENCUMBRANCES

Debtor has asked the Court for the following relief: **Entry Of An Order Approving Debtor's Motion To Sell Real Estate Pursuant to 11 U.S.C. § 363,** *et seq.*

**YOUR RIGHTS MAY BE AFFECTED**. If you do not want the court to grant the attached motion by entering the attached order, or if you want the court to consider your views on the motion, then on or before August 23, 2018 you or your attorney must:

1. File with the Court your written response or objection explaining your position. Please note: the Bankruptcy Court for the Middle District of Tennessee requires electronic filing. Any response or objection you wish to file must be submitted electronically. To file electronically, you or your attorney must go to the court website and follow the instructions at: <https://ecf.tnmb.uscourts.gov>.

    If you need assistance with Electronic filing, you may call the Bankruptcy Court at (615) 736-5584. You may also visit the Bankruptcy Court in person at: 701 Broadway, 1st Floor, Nashville, TN (Monday - Friday, 8:00 A.M. - 4:00 P.M.)

2. Your response must state the deadline for filing responses, the date of the scheduled hearing, and the document to which you are responding.

If a response is filed before the deadline stated above, the hearing will be held at the time and place indicated above. **THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE.** You may check whether a timely response has been filed by viewing the case on the court's website at <https://ecf.tnmb.uscourts.gov>.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting the relief.

Date: August 2, 2018                                         Signature: */s/ Jason N. King*
                                                                              Jason N. King, Esq.
                                                                              503 N. Maple Street
                                                                              Murfreesboro, TN 37130

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **KYLE P. HUNT,** | ) | Case No. 3:18-bk-01786 |
| **KIMBERLEY D. HUNT,** | ) | Chapter 11 |
| **Debtors-in-Possession.** | ) | Judge: Charles M. Walker |

**MOTION FOR THE SALE OF REAL ESTATE FREE AND CLEAR OF
ENCUMBRANCES**

Come now Kyle and Kimberly Hunt, ("the Debtors"), as Debtors-in-Possession, in the above captioned Chapter 11 case, pursuant to Section 363 of Title 11, United States Code (the "Bankruptcy Code"), and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), move the Court for entry of an order approving the sale of real estate described as Tract No. 8, Boundary Survey of the James Harris Farms, 0 Charles Smith Road, Lascassas, Tennessee 37085. This unimproved parcel of land consists of +/- 5.01 acres, part of the parcel designated on the tax map as 172 018.00 in the property assessor's office for Rutherford County, Tennessee, and is more particularly described in the attached "Exhibit A" (the "Property"), which is hereby incorporated by reference. The purchaser of the property is John W. and Heather Kitchen (the "Purchaser"). Debtors and Purchaser entered into the contract for the purchase and sale of the Property (the "Purchase Agreement") on July 30, 2018 (the Effective Date).

In support of this motion the Debtors state as follows:

**JURISDICTION**

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.

1. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. Debtor filed a petition for relief under Chapter 11 of Title 11 of the United States Code on March 15, 2018 (the Petition Date). The Debtors are authorized to continue to manage the Property as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory creditors' committee has been appointed in this Chapter 11 case.

3. The Debtor, Kyle Hunt, was a home builder in Middle Tennessee for a number of years, d/b/a Hunt Construction and had acquired the Property with the intention of developing and selling it in the course of his business.

4. Debtors listed the Property on Schedule A of their bankruptcy petition.

## THE PURCHASE AGREEMENT

5. Subject to approval of the Court, the Debtors have reached agreement with the Purchaser for the sale of the Property for the sum of seventy thousand dollars ($70,000.00) (the "Purchase Price"). The Purchase Price is payable as follows:

(a) the sum of One Thousand and No/100 Dollars ($1,000.00) has been deposited by Purchaser with the listing real estate broker, John Jones Real Estate, LLC, as an earnest money for the Property (the "Earnest Money", which term shall include the referenced deposit and any additional deposit made in accordance with the terms hereof) in accordance with the Purchase Agreement. Subject to the provisions of this Agreement, the Earnest Money shall be applied to payment of the Purchase Price, and

(b) the balance of the Purchase Price shall be paid at the closing of the sale of the Property and delivery of Seller's Deed (the "Closing").

6. The Lawyers Land and Title Services, PLLC, is to handle the closing at their Murfreesboro, Tennessee office.

7. The Purchase Agreement provides that the listing broker, John Jones Real Estate, LLC, will receive compensation in the amount of 6% of the purchase price, payable at closing, in accordance with the Declaration of Real Estate Agent (as amended) and Order Approving Employment of Real Estate Agent [Doc 96, 98].

8. A copy of the Purchase Agreement is attached hereto and incorporated herein as Exhibit B.

## SALE OF THE PURCHASED ASSETS

9. In accordance with Bankruptcy Rule 6004(f)(1), sales of property outside the ordinary course of business may be by private sale or public auction. The Debtors have received various inquiries concerning the Property during the pendency of this case, have consulted with their court approved real estate agent, Steven Weathers, concerning the same, and as a result have concluded that the Purchase Price is the approximate value of the Property.

10. Section 363(b)(1) provides, in pertinent part, that the "trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

## THE SALE MUST BE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS

11. It is appropriate that the Property be sold free and clear of liens, claims, encumbrances, and interest pursuant to 11 U.S.C. § 363(f). Section 363(f) of the Bankruptcy Code provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if-
>
> (a) applicable non-bankruptcy law permits sale of such property free and clear of such interest;
> (b) such entity consents;
> (c) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (d) such interest is in bona fide dispute; or
> (e) such entity could be compelled, in a legal or equitable proceeding to accept a money satisfaction of such interest.

11. .S.C. § 363(f).

12. To facilitate the sale of the Property, it is necessary to authorize the sale of the Property free and clear of any and all liens, claims, encumbrances, or interests, with any such liens, claims, encumbrances, or interests to transfer to and attach to the net proceeds of the sale with the same rights and priorities therein.

13. Here, the requirements of § 363(f)(3) are satisfied. Only Reliant Bank claims an interest in

the Property, in the form of a deed of trust [See Court Claim No. 2-1]. Reliant provided the undersigned with a report showing a loan payoff $47,207.19 good through July 23, 2018.

14. Thus, the sale of the Property free and clear of liens, claims, encumbrances, and interests, including rights or claims based on any successor or transferee liability, except for any liabilities assumed by the Purchaser in accordance with the Purchase Agreement, will satisfy the statutory prerequisites of Sections 363(f) of the Bankruptcy Code. Accordingly, at closing the Property should be transferred to Purchaser in accordance with the Purchase Agreement free and clear of all liens, claims, encumbrances, and interests, except for any liabilities assumed by Purchaser in accordance with Purchase Agreement, with all such other liens, claims, encumbrances, and interests to be transferred to and attach to the net sale proceeds of the Property.

15. The terms and provisions of the Purchase Agreement were negotiated by the Debtors, through their court-approved real estate agent, Steven Weathers, and the Purchaser at arm's length, without collusion and in good faith. The Purchase Agreement represents substantial value to the Estate and provides fair consideration for the Property. Moreover, the Purchaser holds no interests in the Debtors, and the Purchasers has no affiliation with the Debtor.

WHEREFORE, the Debtors move for entry of an Order Approving the Sale of the Property as outlined above.

> Respectfully submitted,
> KIOUS, RODGERS, BARGER,
> HOLDER & KING, PLLC
>
> /s/Jason N. King
> Jason N. King TN BPR No. 27749
> 503 North Maple Street
> Murfreesboro, TN 37130
> Tel. (615) 895-5566
> Fax (615) 895-8452
> jking@krbhk.com
>
> *Attorney for the Debtors-in-possession*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Motion For The Sale Of Real Estate along with the Notice and Proposed Order required by LBR 9013, has been mailed first class, postage prepaid to Natalie Cox, Trial Attorney, United States Trustee Office, 318 Customs House, 701 Broadway, Nashville, TN 37203; to all attorneys having entering appearances and all creditors and parties in interest on the matrix of record in the case, on this the this 2nd day of August, 2018.

                                            /s/Jason N. King
                                            Jason N. King

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| KYLE P. HUNT, ) | Case No. 3:18-bk-01786 |
| KIMBERLEY D. HUNT, ) | Chapter 11 |
| Debtors-in-Possession. ) | Judge: Charles M. Walker |

_____

### (PROPOSED) ORDER GRANTING DEBTORS' MOTION TO SELL FREE AND CLEAR OF ENCUMBRANCES
_____

This matter is before the Court upon the Motion of the Debtors to sell real estate described as Tract No. 8, Boundary Survey of the James Harris Farms, 0 Charles Smith Road, Lascassas, Tennessee 37085, and fully described in the description of Property attached as Exhibit "A" to the Motion to Approve the Sale of Real Property.

Pursuant to the Certificate of Service filed by Debtor's Counsel, notice was provided to all creditors and parties in interest.

No objections have been filed to the Motion or any objections filed have been withdrawn or overruled.

Accordingly, the Purchase Agreement attached as Exhibit B to the Motion is hereby, APPROVED. It is Ordered that the above property shall be sold in accordance with the Purchase Agreement, free and clear of any and all liens, claims, encumbrances and interest with any such liens, claims, encumbrances, or interest to transfer to and attach to the proceeds of the sale with the same rights and priorities therein. It is further ordered that payment of compensation in the amount of six percent (6%) of the Purchase Price from the sale proceeds at closing to John Jones Real Estate, LLC is hereby APPROVED.

Except as ordered herein, distribution of the proceeds of the sale shall be only by specific Order of the Court.

It is so ORDERED.

**This order was signed and entered electronically as indicated at the top of the first page.**

APPROVED FOR ENTRY:

KIOUS, RODGERS, BARGER,
HOLDER & KING, PLLC

*/s/Jason N. King*_____
JASON N. KING, TN BPR #27749
503 North Maple Street
Murfreesboro, Tennessee 37130
Tel: (615) 895-5566
Fax: (615) 895-8452
jking@krbhk.com

Attorney for the Debtors-in-possession